UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Myetia Vaughan<br>1 Jarvis Pl.<br>Boston, MA 02119<br>           Plaintiff<br>       vs.<br><br>Markis A. Fisher<br>62 Tuxhill Ave.<br>Corning, NY 14830<br>           And<br>Thomas A. Fisher<br>62 Tuxhill Ave.<br>Corning, NY 14830<br>           Defendants | Civil Action # _____<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

## PARTIES

1. Plaintiff, Myetia Vaughan, is a resident of the Commonwealth of Massachusetts, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Markis A. Fisher, is a resident of the State of New York, residing at the address listed in the caption of this Complaint.

3. Upon information and belief, Defendant, Thomas A. Fisher, is a resident of the State of New York, residing at the address listed in the caption of this Complaint.

## JURISDICTION

4. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, Myetia Vaughan, is a citizen of Massachusetts and the Defendants, Markis A. Fisher and Thomas A. Fisher, are citizens of New York, and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

5. The Court has jurisdiction over this claim against the Defendants, Markis A. Fisher and Thomas A. Fisher, for money damages pursuant to 28 U.S.C. § 1332.

## FACTS

6. On or about December 11, 2023, at approximately 5:23 p.m., Plaintiff, Myetia Vaughan, was the operator of a motor vehicle, which was traveling on Hemenway St.,. in Boston, MA.

7. At or about the same date and time, Defendant, Markis A. Fisher, was the operator of a motor vehicle, owned by Defendant, Thomas A. Fisher, which was traveling at or near the aforesaid intersection and/or the location of Plaintiff's vehicle.

8. At or about the same date and time, Defendants' vehicle was involved in a motor vehicle collision with Plaintiff's vehicle.

9. The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his/her vehicle in such a manner so as to rear-end the Plaintiff's vehicle.

10. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiff.

11. As a result of the accident, Plaintiff suffered serious, severe and permanent bodily injuries, including to the right arm, shoulder, elbow, neck, upper back and lower back, as set forth more fully below.

## COUNT I – NEGLIGENCE
### Myetia Vaughan v. Markis A. Fisher

12. The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but is not limited to, the following:

a. Rear-ending the Plaintiff's vehicle while the Plaintiff was stopped in traffic;

b. Operating his/her vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating his vehicle in a negligent and/or careless manner so as to rear-end the Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

e. Failing to have his/her vehicle under proper and adequate control;

f. Operating his/her vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Failure to keep a proper lookout;

h. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff's vehicle;

i. Being inattentive to his/her duties as an operator of a motor vehicle;

j. Disregarding traffic lanes, patterns, and other devices;

k. Driving at a dangerously high rate of speed for conditions;

l. Failing to remain continually alert while operating said vehicle;

m. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

n. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o. Failing to exercise ordinary care to avoid a collision;

      p.      Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

      q.      Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

      r.      Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

      s.      Failing to operate his/her vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Massachusetts pertaining to the operation and control of motor vehicles;

13. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, Plaintiff suffered various serious and permanent personal injuries and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the right arm, shoulder, elbow, neck, upper back and lower back, all to Plaintiff's great loss and detriment.

14. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

15. As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

16. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to his/her personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

17. As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

18. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which she makes a claim for payment in the present action.

19. WHEREFORE, Plaintiff, Myetia Vaughan, demands judgment in Plaintiff's favor and against Defendants, Markis A. Fisher, plus interest and costs and such other and further relief as this Court deems meet and just.

### COUNT II
### Myetia Vaughan v. Thomas A. Fisher
### Respondeat Superior

20. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

21. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the plaintiff consist of, but is not limited to:

   a. Rear-ending the Plaintiff's vehicle while the Plaintiff was stopped in traffic;

   b. Operating his/her vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating his vehicle in a negligent and/or careless manner so as to rear-end the Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Failure to keep a proper lookout;

h. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;

i. Being inattentive to his/her duties as an operator of a motor vehicle;

j. Disregarding traffic lanes, patterns, and other devices;

k. Driving at a high rate of speed which was high and dangerous for conditions;

l. Failing to remain continually alert while operating said vehicle;

m. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

n. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

p. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

  q. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

  r. Driving too fast for conditions;

  s. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Massachusetts, pertaining to the operation and control of motor vehicles;

22. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, including to the right arm, shoulder, elbow, neck, upper back and lower back, all to Plaintiff's great loss and detriment.

23. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

24. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

25. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

26. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

27. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which she makes a claim for payment in the present action.

28. WHEREFORE, Plaintiff, Myetia Vaughan, demands judgment in Plaintiff's favor and against Defendants, Thomas A. Fisher, plus interest and costs and such other and further relief as this Court deems meet and just.

## PRAYER FOR RELIEF

29. Plaintiff, therefore requests a judgment in Plaintiff's favor and against Defendant for compensatory damages and such other relief as this court deems just and proper.

Respectfully submitted,

SIMON & SIMON, P.C.

Dated:

BY: *Carleigh Baldwin*
Carleigh Baldwin, Esquire
BBO# 692284

SIMON & SIMON, P.C.
Attorneys for Plaintiff
100 Cambridge Street, 14th Floor
Boston, MA 02114
857-233-0559
carleighbaldwin@gosimon.com